FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| ROSEMARY VANDENHOUTEN and DONAT VANDENHOUTEN,<br><br>    Plaintiffs,<br><br>    v.<br><br>OLDE TOWNE TOURS, LLC,<br><br>    Defendant and<br>    Third-Party<br>    Plaintiff.<br><br>    v.<br><br>ELDONDANE FRANCIS, RONALD OLIVACCE and RON'S TAXI & TOUR SERVICE,<br><br>    Third-Party<br>    Defendants. | Civil No. 2008-41 |

**ATTORNEYS:**

**Julie German Evert, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiffs.*

**Patrick D. Blake, Esq.**
Norfolk, VA
    *For defendant and third-party plaintiff Olde Towne Tours, LLC.*

**Mark D. Hodge, Esq.**
St. Thomas, U.S.V.I.
    *For third-party defendant Eldondane Francis.*

**Robert L. King, Esq.**
St. Thomas, U.S.V.I.
    *For third-party defendants Ronald Olivacce and Ron's Taxi & Tour Service.*

**MEMORANDUM OPINION**

**GÓMEZ, C.J.**

Before the Court is the motion of third-party defendant Eldondane Francis ("Francis") for summary judgment against defendant and third-party plaintiff Olde Towne Tours, LLC ("Olde Towne").

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Rosemary Vandenhouten and Donat Vandenhouten (the "Vandenhoutens") are a married couple from Wisconsin. On or about February 1, 2007, while visiting St. Thomas, U.S. Virgin Islands, the Vandenhoutens rode in a taxi allegedly owned and operated by Francis. As she left the taxi, Mrs. Vandenhouten stepped into a culvert. The Vandenhoutens contend that Francis was negligent in choosing where to park the taxi. They allege that Francis is an agent of, or employed by, Olde Towne. In March 2008, the Vandenhoutens commenced this action against both Francis and Olde Towne to recover for Mrs. Vandenhouten's alleged injuries.[1]

In December 2008, the Vandenhoutens and Francis jointly filed a stipulation of dismissal with prejudice of the Vandenhoutens' claims against Francis, indicating that they had "amicably resolved [their] dispute[.]" (Stipulation of Dismissal

---

[1] The complaint asserts diversity-of-citizenship jurisdiction. *See* 28 U.S.C. § 1332.

with Prejudice as to Eldondane Francis at 1.) Thereafter, the Court approved the parties' stipulation, dismissed the Vandenhoutens' claims against Francis and dismissed Francis from this matter.

In January 2009, Olde Towne asserted a third-party complaint against Francis, Ronald Olivacce ("Olivacce") and Ron's Taxi & Tour Service ("Ron's Taxi"). Olde Towne alleges that Olivacce owns Ron's Taxi, a Virgin Islands taxi service. Olde Towne and Ron's Taxi allegedly had an agreement pursuant to which Ron's Taxi provided drivers to Olde Towne. Francis is alleged to be one such driver. Olde Towne asserts a claim for contribution and indemnity against Francis and a separate claim for contribution and indemnity against Olivacce and Ron's Taxi.

In February 2009, Francis moved to dismiss Olde Towne's third-party claim as against him pursuant to Federal Rule of Civil Procedure 12(b)(6). The primary basis for Francis's motion was a settlement agreement between the Vandenhoutens and him. Olde Towne opposed the motion. Because the settlement agreement constitutes a matter outside the pleadings, the Court converted the motion to dismiss into one for summary judgment and gave all parties an opportunity to respond and to supplement the record. *See* Fed. R. Civ. P. 12(d); *Rose v. Bartle*, 871 F.2d 331, 340 (3d Cir. 1989). Francis and Olde Towne have both timely availed themselves of that opportunity.

## II. **DISCUSSION**

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements . . . ." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster*

*v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III. <u>ANALYSIS</u>

Francis bifurcates his arguments for dismissal of Olde Towne's contribution and indemnity claims. The Court's analysis follows that approach. *See Globe Indem. Co. v. Agway, Inc.*, 456 F.2d 472, 475 (3d Cir. 1972) (explaining that "contribution and indemnity are alternative remedies fundamentally different in nature . . . ."); *Crawford v. Pope & Talbot, Inc.*, 206 F.2d 784, 793 (3d Cir. 1953) (recognizing "the difference between claims for contribution and for indemnity . . . .").

**A.   Contribution**

Francis contends that it cannot be held liable to Olde Towne on a contribution theory because it has settled its claims with the Vandenhoutens. Francis relies almost exclusively on the Restatement (Third) of Torts: Apportionment of Liability, as applied by the Superior Court of the Virgin Islands in *In re Kelvin Manbodh Asbestos Litigation Series*, 47 V.I. 375 (V.I. Super. Ct. 2006). Olde Towne does not explicitly contest the application of that provision of the Restatement. Although the parties appear to agree on the governing law, the Court has an independent obligation to ensure that the law urged by the parties does, in fact, apply here.

In *Manbodh*, the Superior Court found that the Restatement (Third) of Torts: Apportionment of Liability, among other things,

"represents the current majority substantive law" and "promote[s] the interests of both flexibility and judicial economy by supplying security for settlors." 47 V.I. at 394. This Court agrees with the Superior Court's conclusion in *Manbodh* that the Restatement (Third) governs the question of discharge of liability in contribution and indemnity actions.

With respect to contribution actions, the Restatement (Third) of Torts: Apportionment of Liability § 23 provides as follows:

> (a) When two or more persons are or may be liable for the same harm and one of them discharges the liability of another by settlement or discharge of judgment, the person discharging the liability is entitled to recover contribution from the other, *unless the other previously had a valid settlement and release from the plaintiff*.
>
> (b) A person entitled to recover contribution may recover no more than the amount paid to the plaintiff in excess of the person's comparative share of responsibility.
>
> (c) A person who has a right of indemnity against another person under § 22 does not have a right of contribution against that person and is not subject to liability for contribution to that person.

Restatement (Third) of Torts: Apportionment of Liability § 23 (2000) (emphasis supplied).

The Restatement also defines "settlement" and explains the effect of a settlement on contribution actions:

> (a) A settlement is a legally enforceable agreement in which a claimant agrees not to seek recovery outside the agreement for specified injuries or claims from

>    some or all of the persons who might be liable for
>    those injuries or claims.
>
>    (b) Persons released from liability by the terms of a
>    settlement are relieved of further liability to the
>    claimant for the injuries or claims covered by the
>    agreement, but the agreement does not discharge any
>    other person from liability.

*Id.* § 24.

Comment c to § 24 defines a settling tortfeasor as "a potentially liable tortfeasor who is released from liability to the plaintiff by the settlement." *Id.* § 24 cmt. c. The Restatement further provides that

>    [w]hen a settlement is reached between the plaintiff
>    and a potentially liable tortfeasor that releases only
>    the settling tortfeasor, the settling tortfeasor
>    ordinarily should be dismissed from the lawsuit or, if
>    no suit has been initiated, not joined in any action
>    that is subsequently brought. Dismissal occurs even if
>    contribution claims have been made against or by the
>    settling tortfeasor. *These contribution claims are
>    barred by law*.

*Id.* § 24 cmt. e (emphasis supplied); *see also id.* § 23 cmt. i ("A person who settles with the plaintiff before final judgment is not liable for contribution to others for the injury.").

In accordance with the Restatement, this Court holds that contribution actions against tortfeasors who settle with a plaintiff are precluded as a matter of law in the Virgin Islands.

Here, Francis claims that he has reached a settlement with the Vandenhoutens. The record reflects that on December 15, 2008, the Vandenhoutens and Francis jointly filed a stipulation

of dismissal of the Vandenhoutens' claims against Francis, stating that they had "amicably resolved the[ir] dispute[.]" Pursuant to that stipulation, the Court dismissed the Vandenhoutens' claims against Francis and dismissed Francis from this matter.

To determine whether the Vandenhoutens have actually released Francis from liability, the Court must consider the parties' settlement agreement, which Francis has submitted under seal. That document reflects that the Vandehoutens agreed to release Francis from liability arising out of the injuries Mrs. Vandenhouten suffered in exchange for Francis's payment of a sum certain.

The parties do not dispute that the Vandenhoutens, via the settlement agreement, fully released Francis from any liability arising out of the alleged February 1, 2007, accident. It is also undisputed that Olde Towne seeks contribution from Francis notwithstanding that settlement agreement. Based on these undisputed material facts and the Restatement, the Court finds that Francis has met his burden of establishing that Olde Towne's contribution claim against him cannot stand. *Cf. Pagenkopf v. Chatham Elec., Inc.*, 165 P.3d 634, 643 (Alaska 2007) (noting in dicta, based on the Restatement, that a settlement between the plaintiff and one of the defendants would have "dismissed [that defendant] from the case completely, thus leaving no basis for

pursuit of the third-party claim between" that defendant and another defendant). The burden of persuasion therefore shifts to Olde Towne to show the existence of some disputed material fact.

First, Olde Towne attempts to meet its burden by arguing that the portion of the settlement agreement stating the consideration paid for the release is redacted. According to Olde Towne, "[t]his is critical because if there was no consideration paid, or if the sum was so nominal as to suggest collusion between the plaintiffs and Francis, then Olde Towne contends that the Court should invalidate the purported settlement[.]" (Third-Party Pl.'s Supp. Mem. Opp'n Third-Party Def.'s Mot. to Dismiss 1-2.) That argument is deficient. The settlement agreement that Francis has filed under seal with the Court does not contain any redacted portions and clearly states the amount of consideration paid.[2] Having reviewed the settlement agreement, the Court is satisfied that Francis paid adequate consideration in exchange for a complete release from liability arising out of Mrs. Vandenhouten's injuries.

Olde Towne also contends that it should be allowed time to conduct discovery to determine if there is "proof of a good faith settlement[.]" (*Id.* at 2.) This argument, like the first, is

---

[2] The Court has omitted the consideration paid in its discussion of the settlement agreement to maintain the agreement's confidentiality.

unpersuasive. The purpose of converting the motion to dismiss into one for summary judgment was to allow the parties an opportunity to obtain and to marshal evidence in support of their respective positions. The record does not reflect that Olde Towne, since the conversion, has been denied any opportunity to engage in discovery. To the extent Olde Towne did not request the production of any documents from any other party or did not depose any other party, that was a course of action of its own choosing. Olde Towne has had ample time to conduct the discovery it claims it needs and simply elected not to avail itself of that time. Olde Towne also has adduced no competent evidence to support its speculation that the Vandenhoutens and Francis colluded with each other in reaching a settlement agreement.

Olde Towne also urges that, in the event the Court grants Francis's motion, "dismissal should be without prejudice to the jury's allocation of negligence against Francis and reduction of Olde Towne's share of any damages at trial, and to Olde Towne's right to recover from Francis[.]" (*Id.*) Olde Towne requests the Court to give "a special instruction and verdict form asking the jury to allocate the negligence of Francis" at trial. (*Id.*) Significantly, this request in no way helps Olde Towne meet its summary judgment burden and may be addressed at trial, if need be.

None of Olde Towne's arguments demonstrate the existence of

any material disputed facts with respect to its contribution claim against Francis. Accordingly, the Court will grant Francis's motion as it pertains to that claim.

**B.   Indemnity**

Francis argues that Olde Towne also cannot proceed on its indemnity claim. Relying on the Superior Court's decision in *Manbodh*, he claims that "indemnification is not permissible under the Restatement (Third) of Torts where both parties are actively negligent[.]" (Third-Party Def.'s Supp. Mem. Supp. Mot. to Dismiss or Summ. J. 2 (alteration omitted) (quoting *Manbodh*, 47 V.I. at 393)). In Francis's view, "an action for indemnification may only be *filed* against a settling party if the respective fault of the parties has been determined *first*, and, even then, such an action is not *permitted* if the party seeking indemnification is found to have been in *any way* actively negligent." (*Id.*) (emphasis in original). Francis cites no legal authority to support that view. In essence, Francis argues that Olde Towne has failed to state an indemnity claim against him because there has been no liability finding with respect to either Olde Towne or him.

Under the Restatement (Third) of Torts: Apportionment of Liability, "[i]ndemnity may normally be recovered in a third-party claim in the suit where the indemnitee is sued by the plaintiff or in a separate lawsuit. *That issue is governed by*

*the appropriate procedural rules of each jurisdiction.*" Restatement (Third) of Torts: Apportionment of Liability § 22 cmt. i (2000) (emphasis supplied). In this matter, the Federal Rules of Civil Procedure are the applicable procedural rules. *See Justofin v. Metro. Life Ins. Co.*, 372 F.3d 517 (3d Cir. 2004) ("A federal court sitting in diversity jurisdiction follows a Federal Rule of Civil Procedure when one of the Federal Rules controls the point in dispute."); *Smith v. BIC Corp.*, 869 F.2d 194, 199 (3d Cir. 1989) ("[W]e apply the Federal Rules of Civil Procedure in [a] diversity case[.]").

Under Rule 14(a) of the Federal Rules of Civil Procedure, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or *may be liable* to it for all or part of the claim against it." Fed. R. Civ. P. 14(a) (emphasis supplied). Thus, Rule 14(a) clearly permits a third-party complainant to maintain an indemnity claim against a third-party defendant in the action in which the third-party complainant has been named as a defendant. The rule plainly contemplates that such a claim may be asserted before the third-party complainant's liability is determined. *See*, *e.g.*, *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 412 (3d Cir. 1993) (noting that a defendant was "free to implead [a party], using Rule 14, to assert its claim for contribution or indemnity *in the pending . . . action* or to institute a separate

action against [that party] for contribution or indemnity upon principles of restitution if it is ultimately held liable" (emphasis supplied)); *see also Williams v. Ford Motor Credit Co.*, 627 F.2d 158, 160 (8th Cir. 1980) ("Federal impleader is designed to decide *contingent liability* as well as primary liability and the third-party claim can accelerate determination of the liability, if any, between the third-party plaintiff and the third-party defendant." (emphasis supplied)). Thus, there is no merit to Francis's contention that any indemnity claim against him must await a determination that Olde Towne is liable to the Vandenhoutens. Francis has offered no relevant authority to compel a contrary conclusion. Accordingly, the Court will deny the motion as it pertains to the indemnity claim without prejudice to Francis's right to move anew with the benefit of additional discovery.

## IV. <u>CONCLUSION</u>

For the reasons discussed above, the Court will grant in part and deny in part Francis's motion for summary judgment. An appropriate order follows.

S\_____
**CURTIS V. GÓMEZ**
Chief Judge