FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| ROSEMARY VANDENHOUTEN and DONAT VANDENHOUTEN,<br><br>    Plaintiffs,<br><br>    v.<br><br>OLDE TOWNE TOURS, LLC,<br><br>    Defendant and<br>    Third-Party<br>    Plaintiff.<br><br>    v.<br><br>ELDONDANE FRANCIS, RONALD OLIVACCE and RON'S TAXI & TOUR SERVICE,<br><br>    Third-Party<br>    Defendants. | Civil No. 2008-41 |

**ATTORNEYS:**

**Julie German Evert, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiffs.*

**Patrick D. Blake, Esq.**
Norfolk, VA
    *For defendant and third-party plaintiff Olde Towne Tours, LLC.*

**Mark D. Hodge, Esq.**
St. Thomas, U.S.V.I.
    *For third-party defendant Eldondane Francis.*

**Robert L. King, Esq.**
St. Thomas, U.S.V.I.
    *For third-party defendants Ronald Olivacce and Ron's Taxi & Tour Service.*

**MEMORANDUM AND ORDER**

**GÓMEZ, C.J.**

Before the Court is the motion of third-party defendant Eldondane Francis ("Francis") for reconsideration of the Court's ruling granting in part and denying in part Francis's motion for summary judgment against defendant and third-party plaintiff Olde Towne Tours, LLC ("Olde Towne").

## I. FACTUAL AND PROCEDURAL BACKGROUND

Rosemary Vandenhouten and Donat Vandenhouten (the "Vandenhoutens") are a married couple from Wisconsin. On or about February 1, 2007, while visiting St. Thomas, U.S. Virgin Islands, the Vandenhoutens rode in a taxi allegedly owned and operated by Francis. As she left the taxi, Mrs. Vandenhouten stepped into a culvert. The Vandenhoutens contend that Francis was negligent in choosing where to park the taxi. They allege that Francis is an agent of, or employed by, Olde Towne. In March 2008, the Vandenhoutens commenced this action against both Francis and Olde Towne to recover for Mrs. Vandenhouten's alleged injuries.[1]

In December 2008, the Vandenhoutens and Francis jointly filed a stipulation of dismissal with prejudice of the Vandenhoutens' claims against Francis, indicating that they had

---

[1] The complaint asserts diversity-of-citizenship jurisdiction. *See* 28 U.S.C. § 1332.

"amicably resolved [their] dispute[.]" (Stipulation of Dismissal with Prejudice as to Eldondane Francis at 1.) Thereafter, the Court approved the parties' stipulation, dismissed the Vandenhoutens' claims against Francis and dismissed Francis from this matter.

In January 2009, Olde Towne asserted a third-party complaint against Francis, Ronald Olivacce ("Olivacce") and Ron's Taxi & Tour Service ("Ron's Taxi"). Olde Towne alleges that Olivacce owns Ron's Taxi, a Virgin Islands taxi service. Olde Towne and Ron's Taxi allegedly had an agreement pursuant to which Ron's Taxi provided drivers to Olde Towne. Francis is alleged to be one such driver. Olde Towne asserts a claim for contribution and indemnity against Francis and a separate claim for contribution and indemnity against Olivacce and Ron's Taxi.

In February 2009, Francis moved to dismiss Olde Towne's third-party claim as against him pursuant to Federal Rule of Civil Procedure 12(b)(6). The primary basis for Francis's motion was a settlement agreement between the Vandenhoutens and him. Olde Towne opposed the motion. Because the settlement agreement constitutes a matter outside the pleadings, the Court converted the motion to dismiss into one for summary judgment and gave all parties an opportunity to respond and to supplement the record. *See* Fed. R. Civ. P. 12(d); *Rose v. Bartle*, 871 F.2d 331, 340 (3d Cir. 1989). Francis and Olde Towne both timely availed

themselves of that opportunity.

On July 8, 2009, the Court partially granted and partially denied Francis's motion for summary judgment. The Court granted the motion with respect to Olde Towne's contribution claim and dismissed that claim. The Court denied the motion without prejudice with respect to Olde Towne's indemnity claim. Francis now asks for reconsideration of the latter portion of the Court's ruling.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule of Civil Procedure 7.3, which provides:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within ten (10) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown. A motion to reconsider shall be based on:
>
> 1. intervening change in controlling law;
> 2. availability of new evidence, or;
> 3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3; *see also Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Such motions are not substitutes for

appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004). "Local Rule [7.3] affirms the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *Id.*

### III. <u>ANALYSIS</u>

In asking for summary judgment on Olde Towne's third-party indemnity claim, Francis argued that such a claim may be maintained only after the third-party complainant's liability has been determined. The Court rejected that argument. The Court reasoned that the Federal Rules of Civil Procedure, which clearly govern this litigation, explicitly authorize a defendant to implead a third-party defendant during the primary suit, irrespective of whether the impleading defendant's liability has already been determined. *See* Fed. R. Civ. P. 14(a). The Court noted that "Francis ha[d] offered no relevant authority to compel a contrary conclusion." *Vandenhouten v. Olde Towne Tours, LLC*, No. 2008-41, 2009 U.S. Dist. LEXIS 59227, at *14 (D.V.I. July 8, 2009).

In his motion for reconsideration, Francis primarily faults the Court's finding that he failed to offer legal authority in

support of his position. He points the Court to his citation to *Remy v. Kmart Corp.*, No. 2005-72, 2008 U.S. Dist. LEXIS 57585 (D.V.I. July 29, 2008). In that case, the plaintiffs alleged that a Kmart security guard, who was also a Virgin Islands police officer, shot them. The security guard later executed a release discharging the plaintiffs from any claim he may have had against them. The plaintiffs also signed a release discharging the security guard and the Government of the Virgin Islands from any liability arising out of the incident. After the exchange of these releases, the plaintiffs sued Kmart. Kmart thereafter moved to file a third-party complaint for contribution and/or indemnity against the security guard.

The magistrate judge denied the motion. Citing *Gomes v. Brodhurst*, 394 F.2d 465 (3d Cir. 1968) and *Manbodh v. Hess Oil Virgin Islands Corp.*, 47 V.I. 375 (V.I. Sup. Ct. 2006), the magistrate judge reasoned that just as "an action for contribution may not be maintained against a tortfeasor who has settled with the plaintiff[,] . . . [n]or can an action for common law indemnification be maintained where both parties are actively negligent." *Remy*, 2008 U.S. Dist. LEXIS 57585, at *2. Noting that the security guard had been discharged from liability by the plaintiffs, the magistrate judge held that "based on *Gomes* and *Manbodh*, . . . an action for common law indemnification may only be properly maintained after the respective fault of the

parties has been determined." *Id.* at *3. The magistrate judge added that Kmart could "proceed with the trial consistent with the law in this jurisdiction." *Id.*

In asking for reconsideration of the Court's denial of his motion for summary judgment on Olde Towne's indemnity claim, Francis contends that *Remy* controls the outcome of this matter.

In ruling on Francis's motion for summary judgment, the Court carefully examined the parties' respective pleadings and accompanying documentation. In so doing, the Court also considered Francis's reliance on *Remy*. In pointing out the Court's omission of any discussion of that case in the summary judgment ruling, Francis essentially attacks the explicitness of that ruling, not the soundness of its conclusion. To the extent that argument falls short of exposing clear error, reconsideration is unwarranted on that ground.

Furthermore, in relying on *Remy* as controlling authority, Francis misunderstands the import of that decision. It is axiomatic that a decision by one judge of any district court is not binding on any other judge in that district. *See Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 430 n.10 (1996) (noting that each of "the over 40 district court judges in the Southern District of New York . . . sits alone and renders decisions not binding on the others"); *Threadgill v. Armstrong World Industries, Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991) ("[I]t is

clear that there is no such thing as the law of the district. . . . The doctrine of *stare decisis* does not compel one district court judge to follow the decision of another." (internal quotation marks, citation and footnote omitted)). That rule, of course, is just as true when a litigant tells a district judge that he is bound by a magistrate judge's decision.

Having considered *Remy*, the Court does not find it persuasive under the circumstances presented here. Francis has given the Court no other reason to revisit its ruling.

For the foregoing reasons, it is hereby

**ORDERED** that Francis's motion for reconsideration is **DENIED**.

    S\_____
    **CURTIS V. GÓMEZ**
    **Chief Judge**